**Paulene ROBINSON, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF THE ARMY, by and through the UNITED STATES of America, Defendant–Appellee.**

No. 01–6454.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Paulene Robinson appeals through counsel the summary judgment for defendant in an action filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Defendant waived oral argument, and counsel for Robinson did not respond to the court's request to show cause why oral argument would be required. This panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Robinson underwent a biopsy of her breast by an army doctor on August 12, 1991. The doctor told Robinson that she did not have cancer, but that the doctor had caused a small hole in her silicone breast implant, which she had immediately repaired. At a follow-up visit three days later, the doctor assured Robinson that the hole had been well-repaired, but advised her to return if she had any problems. Robinson testified at her deposition that she experienced pain in her breast which never improved, but in fact worsened. By the fall of 1992, she began experiencing other health problems, including hair loss and heart palpitations. Another doctor told her on December 14, 1992, that her symptoms may be related to her breast implants. In February 1993, a mammogram revealed a questionable leak in her implant. The implant was removed in 1994, when it was found to have leaked most of the silicone, and was replaced with a saline implant. Robinson filed her administrative claim with defendant on November 16, 1994. The claim was denied, and Robinson timely filed this action in the district court.

Defendant moved for summary judgment on the ground that the administrative claim had not been filed within the two-year statute of limitations. 28 U.S.C. § 2401(b). The district court granted the motion, concluding that Robinson's cause of action had accrued at the time of her biopsy, and the claim filed more than three years later was barred. On appeal, Robinson argues that the district court misstated the law regarding the accrual of her cause of action, and that summary judgment was precluded by the factual issue regarding the accrual date.

Upon de novo review, we conclude that the summary judgment for defendant must be affirmed, as there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. *Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991).

Generally, a cause of action accrues and the statute of limitations begins to run in a medical malpractice action upon the patient's awareness of the injury and its cause, whether at the time of the event or upon later discovery of the injury. *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The cause of action accrues at the time the tortious act is committed if greater than de minimis harm is discernible at the time, even if the injury is later discovered to be more serious than originally apparent. *Hicks v. Hines, Inc.*, 826 F.2d 1543, 1544 (6th Cir.1987). Initially, we note that Robinson correctly points out that the district court misstated this standard in its opinion, stating that the cause of action accrues at the time of the event if de minimis harm

is apparent. However, we conclude that this misstatement of the amount of harm required does not dictate a different result in this case. Robinson testified that she experienced pain in her breast after the biopsy which never improved, but in fact worsened over time. Athough the district court concluded that this was de minimis harm which triggered the running of the statute of limitations, we conclude that the unexplained pain which increased rather than improving following the surgery also constitutes greater than de minimis harm, which should have alerted Robinson to pursue relief. The fact that her condition worsened as time went on did not trigger a new accrual date. *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 581 (6th Cir.2000).

Robinson's reliance on the holding of *McDonald v. United States*, 843 F.2d 247, 248 (6th Cir.1988) is misplaced. In that case, the physician's assurances that the patient's post-operative symptoms were normal and that the surgery had been successful tolled the running of the statute. In this case, Robinson was told that the surgery had caused a hole in her implant, and although it had been repaired, she was advised to return if she experienced any problems. Robinson admitted at her deposition that she did experience problems with pain following the surgery which never improved, but instead worsened. That she did not return to the doctor as advised cannot be imputed to defendant so as to toll the statute of limitations.

Accordingly, the summary judgment for defendant is affirmed.